DOUGLAS JAFFE, ESQ. Bar No. 170354
LAW OFFICES OF DOUGLAS JAFFE
501 West Broadway, Suite 800
San Diego, California 92101
Telephone:  (619) 400-4945
Facsimile:   (619) 400-4810

Attorneys for SALAM RAZUKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI,<br><br>　　　　　Plaintiff,<br>vs.<br><br>AMGUARD INSURANCE COMPANY; BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES; and DOES 1 THOUGH 10, INCLUSIVE,<br><br>　　　　　Defendants. | Case No.: 21-CV-01983-ASB (DEB)<br><br>**COUNTERCLAIM AND JURY DEMAND**<br><br>　1) Breach Of Contract<br>　2) Breach Of Implied Covenant Of Good Faith & Fair Dealing<br>　3) Declaratory Relief<br>　4) Fraud<br>　5) Violation of Business And Professions Code section 17200 |

COMES NOW Salam Razuki ("Razuki" or "Plaintiff") and alleges as follows:

# GENERAL ALLEGATIONS

1. Plaintiff Salam Razuki is an individual residing in the State of California, County of San Diego ("Razuki" or "Plaintiff").

2. On information and belief, defendant Amguard Insurance Company is a corporation authorized to do business in California. At all times relevant to this action, Amguard Insurance Company was doing business in the State of California, County of San Diego.

3. On information and belief, defendant Berkshire Hathaway Guard Insurance Companies is a corporation authorized to do business in California. At all times relevant to this action, Berkshire Hathaway Guard Insurance Companies was doing business in the State of California, County of San Diego.

4. Amguard Insurance Company and Berkshire Hathaway Guard Insurance Companies are collectively referred to herein as "Amguard".

5. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10 are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained. Plaintiff alleges that each of the fictitiously named defendants engaged in the actions and omissions hereinafter alleged that each is fully liable for all the damages requested herein.

6. This Court has personal and subject matter jurisdiction over this action and venue is properly placed in this Court.

# FIRST CAUSE OF ACTION
(Breach of Insurance Contract)

7. Plaintiff incorporates by this reference each of the previous paragraphs.

2
_____
Amended Complaint                             21-CV-01983-ASB (DEB)

1-28

8. At all times mentioned in this complaint, Razuki had, and has, an insurable interest in the property located at, without limitation, 5065-5085 Logan Avenue, San Diego, CA 92113 ("the Premises").

9. In consideration of premiums which were paid by Plaintiff, Amguard and Plaintiff entered into an agreement for Amguard to insure the Premises pursuant to an Amguard insurance policy (the "Policy") which was in full force and effect at all times mentioned in this Complaint.

10. Plaintiff performed all terms and conditions of the Policy on his part to be performed, or was excused from doing those things.

11. The parties were capable of contracting. The parties consented to entering into the Policy. The Policy had a lawful object. The Policy had sufficient cause or consideration.

12. The Policy provides, without limitation, that Amguard will pay for loss and/or damage to the Premises for the coverage specified in the Policy.

13. Within the last 2 years, the Premises was damaged. The damage is covered by the coverage specified in the Policy.

14. Plaintiff gave Amguard timely notice of the loss and damage.

15. Amguard put its own interests before those of Plaintiff by unreasonably delaying in processing Plaintiff's claim.

16. In material breach of the Policy and in bad faith, Amguard has failed and refused to fully pay for the loss and/or damage to the Premises covered by the Policy.

17. In material breach of the Policy and in bad faith, Amguard has failed and refused to timely process Plaintiff's claim.

18. Amguard materially breached the Policy causing damage to Plaintiff.

19. Plaintiff was harmed by Amguard's breach of contract.

20. Amguard's breach of contract was a substantial factor in causing Plaintiff's harm.

21. As a direct and proximate result of Amguard's breach of contract, Plaintiff has sustained damages in an amount to be determined at trial, together with interest, costs and attorneys' fees.

SECOND CAUSE OF ACTION
(Breach of Implied Covenant of
Good Faith and Fair Dealing)

22. Plaintiff incorporates by this reference each of the previous paragraphs.

23. At all times mentioned in this complaint, Razuki had, and has, an insurable interest in the property located at, without limitation, 5065-5085 Logan Avenue, San Diego, CA 92113 ("the Premises").

24. In consideration of premiums which were paid by Plaintiff, Amguard and Plaintiff entered into an agreement for Amguard to insure the Premises pursuant to an Amguard insurance policy (the "Policy") which was in full force and effect at all times mentioned in this Complaint.

25. Plaintiff performed all terms and conditions of the Policy on his part to be performed, or was excused from doing those things.

26. The parties were capable of contracting. The parties consented to entering into the Policy. The Policy had a lawful object. The Policy had sufficient cause or consideration.

27. The Policy provides, without limitation, that Amguard will pay for loss and/or damage to the Premises for the coverage specified in the Policy.

28. Within the last 2 years, the Premises was damaged. The damage is covered by the coverage specified in the Policy.

29. Plaintiff gave Amguard timely notice of the loss and damage.

30. Amguard put its own interests before those of Plaintiff by unreasonably delaying in processing Plaintiff's claim.

31. In material breach of the Policy and in bad faith, Amguard has failed and refused to fully pay for the loss and/or damage to the Premises covered by the Policy.

32. In material breach of the Policy and in bad faith, Amguard has failed and refused to timely process Plaintiff's claim.

33. At all times relevant to this action, Plaintiff was an insured under the Policy.

34. Plaintiff asserted a valid claim for the payment of benefits covered by the Policy.

35. Amguard failed to deal fairly and in good faith with Plaintiff by unreasonably withholding payment of the claim.

36. Amguard unreasonably delayed payment of benefits and failed and refused to pay required benefits.

37. As a direct and proximate result of Plaintiff asserting a valid claim with Amguard for the payment of benefits covered by the Policy, Amguard has represented to Plaintiff that the Policy is cancelled. Amguard had a duty to not cancel the Policy in retaliation against Plaintiff.

38. Amguard filed to provide the specific items of information that allegedly support the reason for the alleged cancellation and the identity and source of that information, and copies of the documents relating to the alleged cancellation.

39. Amguard failed to deal fairly and in good faith with Plaintiff by representing to Plaintiff that the Policy is cancelled and/or by cancelling the Policy.

40. Amguard's failure to deal fairly and in good faith caused Plaintiff to suffer injury, damage, loss and/or harm.

41. In the Policy there was an implied covenant of good faith and fair dealing that each party would not do anything to deprive the other party of the benefits of the contract.

42. In the Policy there was an implied covenant of good faith and fair dealing that required Amguard to reasonably and properly pay required benefits.

43. The benefits of the Policy have been unreasonably withheld from Plaintiff by Amguard.

44. Benefits were, and are, due to Plaintiff under the Policy.

45. The Policy benefits were withheld from Plaintiff by Amguard without proper cause.

46. Plaintiff suffered a loss covered under an insurance policy issued by Amguard.

47. Plaintiff properly presented a claim to Amguard to be compensated for the loss.

48. Amguard unreasonably failed to pay, and/or delayed payment of, Policy benefits.

49. Plaintiff was harmed by Amguard's unreasonable failure to pay/delay in payment of Policy benefits, and Amguard's unreasonable failure to pay/delay in payment of Policy benefits was a substantial factor in causing Plaintiff's harm.

50. Amguard failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of Plaintiff's claim.

51. Plaintiff was harmed by Amguard's failure to properly investigate the claim, and Amguard's failure to properly investigate the claim was a substantial factor in causing Plaintiff's harm.

52. Amguard had a duty to diligently search for and consider evidence that supported coverage of Plaintiff's claimed loss, and Amguard failed to diligently search for and consider evidence that supported coverage of Plaintiff's claimed loss.

53. As a direct and proximate result of Amguard's actions and omissions, Plaintiff has sustained damages in an amount to be determined at trial, together with interest, costs and attorneys' fees.

54. In committing the aforementioned acts, Amguard acted with malice toward Plaintiff.  By failing to pay the monies it owes to Plaintiff pursuant to the Policy, Amguard engaged in conduct intended by Amguard to cause injury to Plaintiff, and/or engaged in despicable conduct which was carried on by Amguard with a willful or conscious disregard of the rights or safety of Plaintiff.

55. In committing the aforementioned acts, Amguard acted with oppression toward Plaintiff.  By failing pay the monies it owes to Plaintiff pursuant to the Policy, Amguard engaged in despicable conduct intended by Amguard that subjected Plaintiff to cruel and unjust hardship and conscious disregard of Plaintiff's rights.

56. In committing the aforementioned acts, Amguard committed fraud.

57. When Amguard made representations to Plaintiff, it knew they were false or Amguard had no reasonable ground for believing the representations were true.  Amguard concealed or suppressed material facts from Plaintiff which Amguard was duty bound to disclose.  Amguard concealed or suppressed material facts by telling Plaintiff other facts to mislead Plaintiff and prevent Plaintiff from discovering the concealed or suppressed facts.  At the time Plaintiff was defrauded, it was unaware of the concealed or suppressed facts.  Amguard made an intentional misrepresentation, deceit or concealment of a material fact known to Amguard

with the intention on the part of the Amguard of thereby depriving Plaintiff of property or legal rights or otherwise causing injury.

58. Amguard is guilty of fraud, oppression and/or malice, for which Amguard should be punished with the imposition of punitive damages.

THIRD CAUSE OF ACTION
(Declaratory Relief)

59. Plaintiff incorporates by this reference each of the previous paragraphs.

60. There is an actual controversy between the parties.

61. A judicial determination is required. Amguard has taken the position that Plaintiff is not owed any benefits pursuant to the Policy. Plaintiff has taken the position that it is entitled to benefits pursuant to the Policy that Amguard should be ordered to pay.

62. Amguard has taken the position that the Policy has been cancelled. Plaintiff has taken the position that the Policy remains in full force and effect. A judicial determination is required.

63. As a direct and proximate result of Amguard's actions and omissions, Plaintiff is entitled to declaratory relief, together with interest, costs and attorneys' fees.

FOURTH CAUSE OF ACTION
(Fraud)

64. Plaintiff incorporates by this reference each of the previous paragraphs.

65. At all times mentioned in this complaint, Razuki had, and has, an insurable interest in the property located at, without limitation, 5065-5085 Logan Avenue, San Diego, CA 92113 ("the Premises").

66. In consideration of premiums which were paid by Plaintiff, Amguard and Plaintiff entered into an agreement for Amguard to insure the Premises pursuant to an Amguard insurance policy (the "Policy") which was in full force and effect at all times mentioned in this Complaint.

67. Plaintiff performed all terms and conditions of the Policy on his part to be performed, or was excused from doing those things.

68. The parties were capable of contracting. The parties consented to entering into the Policy. The Policy had a lawful object. The Policy had sufficient cause or consideration.

69. The Policy provides, without limitation, that Amguard will pay for loss and/or damage to the Premises for the coverage specified in the Policy.

70. Within the last 2 years, the Premises was damaged. The damage is covered by the coverage specified in the Policy.

71. Plaintiff gave Amguard timely notice of the loss and damage.

72. Amguard concealed from Plaintiff the non-admitted insurer status of Amguard in California.

73. Amguard concealed or suppressed material facts from Plaintiff which Amguard was duty bound to disclose.

74. At the time Plaintiff was defrauded and entered into the Policy, Plaintiff was unaware of the concealed or suppressed facts.

75. Amguard made an intentional concealment of a material fact known to Amguard with the intention on the part of the Amguard of thereby depriving Plaintiff of property or legal rights or otherwise causing injury.

76. Amguard is guilty of fraud, oppression and/or malice, for which Amguard should be punished with the imposition of punitive damages.

77. As a direct and proximate result of the foregoing, Plaintiff is entitled to a temporary restraining order and/or injunction, rescission and/or restitution, and has sustained damages in an amount to be determined at trial, plus interest, attorneys' fees and costs.

78. In committing the aforementioned acts and omissions, Amguard is guilty of fraud, oppression or malice, for which Amguard should be punished with the imposition of punitive damages.

FIFTH CAUSE OF ACTION
(Violation Of Business And Professions Code Section 17200)

79. Plaintiff incorporates by this reference each of the previous paragraphs.

80. At all times mentioned in this complaint, Razuki had, and has, an insurable interest in the property located at, without limitation, 5065-5085 Logan Avenue, San Diego, CA 92113 ("the Premises").

81. In consideration of premiums which were paid by Plaintiff, Amguard and Plaintiff entered into an agreement for Amguard to insure the Premises pursuant to an Amguard insurance policy (the "Policy") which was in full force and effect at all times mentioned in this Complaint.

82. Plaintiff performed all terms and conditions of the Policy on his part to be performed, or was excused from doing those things.

83. The parties were capable of contracting.  The parties consented to entering into the Policy.  The Policy had a lawful object.  The Policy had sufficient cause or consideration.

84. The Policy provides, without limitation, that Amguard will pay for loss and/or damage to the Premises for the coverage specified in the Policy.

85. Within the last 2 years, the Premises was damaged. The damage is covered by the coverage specified in the Policy.

86. Plaintiff gave Amguard timely notice of the loss and damage.

87. Amguard's bad faith insurance practices as set forth above constituted unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code sections 17200, et. seq.

88. Plaintiff has suffered injury in fact and has lost money and property as a result of Amguard's unlawful, unfair, and/or fraudulent practice.

89. Amguard also engaged in a fraudulent business act or practice in that the omissions of material fact described above have a tendency and likelihood to deceive Plaintiff and other purchasers, and did in fact deceive Plaintiff.

90. Amguard also engaged in an unfair business act or practice in that the justification for providing insurance based on the omissions of material fact delineated above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical, and offensive, and/or causes substantial injury to consumers.

91. The above-described unlawful, fraudulent or unfair business acts and practices conducted by Amguard continue to this day and present a threat to Plaintiff, and/or members of the general public in that Amguard has failed to publicly acknowledge the wrongfulness of its actions and provide full equitable injunctive and monetary relief as required by statute.

92. Pursuant to California Business & Professions Code section 17203, Plaintiff seeks an order of this Court requiring Amguard to immediately cease such acts of unfair competition and enjoining Amguard from continuing to conduct

business via the unlawful, fraudulent, and/or unfair business acts and practices set forth herein and from failing to fully disclose the true nature of their misrepresentations, and ordering Amguard to engage in a corrective notice and advertising campaign.  Plaintiff additionally requests an order from the Court requiring that Amguard provide complete equitable monetary relief so as to prevent Amguard from benefitting from the practices that constitute unfair competition or the use or employment of any monies resulting from the attempt to provide insurance based on the misrepresentations and omissions of material fact delineated above, including requiring the payment of restitution of any monies as may be necessary to restore to Plaintiff and/or members of the general public any money or property which may have been acquired by means of such unfair competition.

WHEREFORE, Plaintiff prays as follows:

a) For damages according to proof;
b) For rescission and/or restitution and/or reformation;
b) For interest according to proof;
c) For punitive damages;
d) For declaratory relief;
e) For injunctive relief;
f) For costs and reasonable attorneys' fees; and
g) For such other and further relief as the Court deems just and proper.

Dated:      December 21, 2021        LAW OFFICES OF DOUGLAS JAFFE

/s/ Douglas Jaffe, Esq._____
Douglas Jaffe

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:      December 21, 2021      LAW OFFICES OF DOUGLAS JAFFE

s/ Douglas Jaffe_____
Douglas Jaffe

# PROOF OF SERVICE

I am over the age of 18 years and not a party to or interested in the within entitled action.  My business address is 501 West Broadway, Suite 800, San Diego, California 92101.

On December 21, 2021, I electronically filed the

**AMENDED COMPLAINT AND JURY DEMAND**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Richard Weston, Esq.
    rweston@wmattorneys.com

    Leo Ashley, Esq.
    lashley@ wmattorneys.com

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed on December 21, 2021at San Diego, California.

                                         s/ Douglas Jaffe_____