UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI,<br><br>         Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY; BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES; and DOES 1 through 10, inclusive.<br>         Defendants. | Case No.: 21-cv-01983-AJB-DEB<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**<br><br>**(Doc. No. 12)** |

Before the Court is Defendant AmGUARD Insurance Company's ("Defendant" or "AmGUARD") partial motion to dismiss Plaintiff Salam Razuki's ("Plaintiff") First Amended Complaint ("FAC"). (Doc. No. 12.) The motion is fully briefed. (*See* Doc. Nos. 12, 14, 15.) For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

**I. BACKGROUND**[1]

Defendant is a corporation authorized to do business in California and is the insurer of an insurance policy issued to Plaintiff covering the property located at 5065-5085 Logan

---

[1] The following facts are taken from Plaintiff's FAC, which the Court construes as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

1

21-cv-01983-AJB-DEB

Avenue, San Diego, California 92113 ("Property"). (Doc. No. 10, FAC ¶¶ 2, 8–9.) Plaintiff and Defendant entered into an agreement for Defendant to insure the Property pursuant to an insurance policy ("Policy"). (*Id.* ¶ 9.) The Policy provides that Defendant will pay for loss and/or damage to the Property for the coverage specified in the Policy. (*Id.* ¶ 12.)

In the last two years, the Property was damaged. (*Id.* ¶ 13.) Plaintiff provided Defendant notice of the loss and damage. (*Id.* ¶ 14.) According to Plaintiff, Defendant "unreasonably delay[ed] in processing Plaintiff's claim." (*Id.* ¶ 15.) Plaintiff alleges that in material breach of the Policy and in bad faith, Defendant has "failed and refused to fully pay" for the covered loss and/or damage to the Property. (*Id.* ¶ 16.) Furthermore, Plaintiff asserts Defendant concealed or suppressed its non-admitted insurer status in California, which it was "duty bound to disclose." (*Id.* ¶¶ 72–73.) Plaintiff claims that at the time he entered into the Policy, he was unaware of the concealed or suppressed facts. (*Id.* ¶ 74.)

On October 6, 2021, Plaintiff filed a complaint in San Diego County Superior Court. (Doc. No. 1.) Defendant then removed the case to federal court under diversity jurisdiction. (*Id.*) Defendant also filed a partial motion to dismiss the original complaint, which the Court denied as moot upon Plaintiff's filing of a FAC. The FAC contains the following five claims: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) declaratory relief, (4) fraud, and (5) violation of California Business & Professions Code 17200 et seq. ("Unfair Competition Law" or "UCL"). (Doc. No. 10.) Defendant filed a second partial motion to dismiss, arguing that Plaintiff's fraud and UCL claims must be dismissed because Plaintiff has not adequately pled facts upon which relief may be granted. (Doc. No. 12 at 2.) This Order follows.

II. **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation

omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

## III.  DISCUSSION[2]

Defendant moves to dismiss the fourth and fifth causes of action in Plaintiff's FAC, arguing that the FAC is devoid of facts necessary to state plausible fraud and UCL claims. The Court discusses the adequacy of these claims in turn.

### A.  Fraud

To state a claim for fraud in California, a plaintiff must plead the following elements: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Group, Inc.*, 15 Cal.4th 951, 974 (Cal.1997) (emphasis added) (internal quotation marks omitted).

---

[2] Defendant requests the Court take judicial notice of its company profile, but as the Court does not rely on the document in reaching its conclusion, the Court **DENIES** the request as moot.

3

The parties do not dispute that Rule 9(b) applies in determining whether Plaintiff's fraud claim is sufficiently pled. "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct[,] so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (alterations and internal quotations omitted). To that end, allegations of fraud "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (internal quotations omitted).

Defendant contends that the FAC contains only one alleged misrepresentation—that it "concealed from Plaintiff the non-admitted insurer status of Amguard in California" (Doc. No. 10 ¶ 72)—and that such allegation is inadequate to state a fraud claim. (Doc. No. 12 at 12–13.) Defendant argues, among other things, that the FAC fails to specify when the omitted disclosure should have been made or when any other purported misrepresentation by AmGUARD occurred. (*Id.* at 13.) Defendant also asserts the FAC does not identify any names of AmGUARD representatives involved in the procurement of the Policy, their authority to speak or act on behalf of AmGUARD, what such persons did or said, or when they acted or failed to act. (*Id.*) The Court agrees.

Indeed, Plaintiff failed to respond to Defendant's arguments. Generally, the "failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011). Essentially conceding his fraud allegation is deficient, Plaintiff "requests the Court dismiss the claim for fraud without prejudice as Plaintiff needs discovery before possibly moving to amend to add the claim." (Doc. No. 14 at 3 (emphasis omitted).) Accordingly, the Court **DISMISSES** Plaintiff's fraud claim without prejudice.

**B. UCL Claim**

The UCL prohibits "unfair competition" and broadly defines the term as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or

misleading advertising." Cal. Bus. & Prof. Code § 17200. The statute provides "an equitable means through which both public prosecutors and private individuals can bring suit to prevent unfair business practices and restore money or property to victims of these practices." *Zhang v. Superior Ct.*, 57 Cal. 4th 364, 371 (2013). Under the UCL, a private plaintiff's remedies are "generally limited to injunctive relief and restitution." *Id.* In general, "an injunction may not issue unless the alleged misconduct is ongoing or likely to recur." *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 464 (2005). Restitution under the UCL requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other." *Zhang*, 57 Cal.4th at 371.

Defendant argues that Plaintiff has not adequately pled facts stating a claim for injunctive relief and restitution under the UCL. (Doc. No. 12 at 14–16.) According to Defendant, Plaintiff's alleged wrongful conduct— the omission and the failure to timely and fully pay Plaintiff for an alleged covered loss—has already taken place. (*Id.* at 15.) Defendant contends that the FAC contains no allegations that its investigation of the loss is ongoing or that Plaintiff has other pending unresolved claims with Defendant which may result in ongoing unlawful business practices. (*Id.* at 14.) Plaintiff's opposition contains no response to these arguments, and thus, the Court deems them unopposed. *See Stichting*, 802 F. Supp. 2d at 1132. In any event, the Court agrees with Defendant that Plaintiff has failed to allege facts showing that the misconduct is ongoing or likely to recur for purposes of stating a claim for injunctive relief. *See Madrid*, 130 Cal. App. 4th at 464. Plaintiff's vague and conclusory allegation that "[t]he above-described unlawful, fraudulent or unfair business acts and practices conducted by Amguard continue to this day" (Doc. No. 10 ¶ 91) does not suffice.

Plaintiff's claim for restitution is similarly lacking in factual enhancement and is therefore similarly subject to dismissal. As Defendant points out, the FAC contains only conclusory allegations that "Plaintiff has suffered injury in fact and has lost money and property as a result of Amguard's unlawful, unfair and/or fraudulent practice." (*Id.* ¶ 88.)

5

It is unclear what money, property, and business practice Plaintiff is referring to, and the Court cannot assume facts not alleged in the FAC. *See Assoc.*, 459 U.S. at 526. Lastly, to the extent Plaintiff relies on *Zhang v. Superior Ct.* to save his deficient factual allegations, his reliance is unavailing. While *Zhang* held that bad faith insurance practices can support a UCL claim, it does not relieve Plaintiff of his responsibility to allege facts demonstrating that he is entitled to the equitable relief he seeks.

Based on the foregoing, the Court finds that Plaintiff has failed to plead allegations showing he is plausibly entitled to injunctive relief and equitable restitution under the UCL. Thus, the Court **DISMISSES** Plaintiff's UCL claim on these grounds.

## V.     CONCLUSION

Accordingly, for the reasons stated herein, the Court **GRANTS** Defendant's partial motion to dismiss. (Doc. No. 12.) Plaintiff's fraud and UCL claims are **DISMISSED**. Should Plaintiff desire to amend these claims, he must file, no later than April 29, 2022, a motion for leave to amend stating the proposed factual amendments and how they cure the aforementioned deficiencies. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal."). Defendant is ordered to file a responsive pleading, either to the motion for leave to amend or the remainder of the FAC, no later than May 13, 2022.

**IT IS SO ORDERED**.

Dated:  April 20, 2022

Hon. Anthony J. Battaglia
United States District Judge