WESTON & McELVAIN LLP
Richard C. Weston (State Bar No. 126491)
Leo L. Ashley III (State Bar No. 197890)
1960 E. Grand Avenue, Suite 400
El Segundo, California 90245
Telephone:  (213) 596-8000
Facsimile:  (213) 596-8039
Email:    rweston@wmattorneys.com
          lashley@wmattorneys.com

Attorneys for Defendant AMGUARD INSURANCE COMPANY also erroneously sued as BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES

# UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI,<br><br>Plaintiff,<br><br>vs.<br><br>AMGUARD INSURANCE COMPANY; BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES; and DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO. 3:21-cv-01983-ASB-DEB<br><br>**DEFENDANT AMGUARD INSURANCE COMPANY'S ANSWER TO PLAINTIFF SALAM RAZUKI'S AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: October 6, 2021<br>Case Removed:  November 22, 2021<br>Trial Date:  Not set |

Defendant AmGUARD Insurance Company, also erroneously sued as "BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES" ("Defendant"), hereby answers the allegations of Plaintiff Salam Razuki's Amended Complaint as follows:

1. In response to paragraph 1 of the Amended Complaint, Defendant admits the allegations.

2. In response to paragraph 2 of the Amended Complaint, Defendant admits the allegations.

3. In response to paragraph 3 of the Amended Complaint, Defendant denies the allegations.

4. The allegations set forth in paragraph 4 of the Amended Complaint do not contain materials allegations to which a response is required. To the extent a response is required, Defendant admits the terms of the Amended Complaint speak for themselves.

5. In response to paragraph 5 of the Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

6. In response to paragraph 6 of the Amended Complaint, Defendant admits this federal district court has jurisdiction over this matter. Except as expressly admitted, Defendant denies the remaining allegations of the paragraph.

## FIRST CAUSE OF ACTION
### (Breach of Insurance Contract)

7. In response to paragraph 7 of the Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 6, inclusive, as though fully set forth in this paragraph.

8. In response to paragraph 8 of the Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

9. In response to paragraph 9 of the Amended Complaint, Defendant admits Defendant issued insurance policy number SABP126400 to Plaintiff for the period of February 15, 2020 to February 15, 2021 ("Policy") and the Policy provides insurance coverage in relation to the building at 5065-5085 Logan Avenue, San Diego, California 92113-4490 ("Property"). Except as expressly admitted, Defendant denies the remaining allegations of the paragraph.

10. In response to paragraph 10 of the Amended Complaint, Defendant denies the allegations.

11. In response to paragraph 11 of the Amended Complaint, Defendant admits the allegations.

12. In response to paragraph 12 of the Amended Complaint, Defendant admits the Policy provides insurance coverage in relation to the Property and the terms of the Policy speak for themselves. Except as expressly admitted, Defendant denies the allegations of the paragraph.

13. In response to paragraph 13 of the Amended Complaint, Defendant admits Defendant was notified of a fire at the Property within the last two years. Except as expressly admitted, Defendant denies the allegations of the paragraph.

14. In response to paragraph 14 of the Amended Complaint, Defendant admits Defendant was notified of a fire at the Property within the last two years. Except as expressly admitted, Defendant denies the allegations of the paragraph.

15. In response to paragraph 15 of the Amended Complaint, Defendant denies the allegations.

16. In response to paragraph 16 of the Amended Complaint, Defendant denies the allegations.

17. In response to paragraph 17 of the Amended Complaint, Defendant denies the allegations.

18. In response to paragraph 18 of the Amended Complaint, Defendant denies the allegations.

19. In response to paragraph 19 of the Amended Complaint, Defendant denies the allegations.

20. In response to paragraph 20 of the Amended Complaint, Defendant denies the allegations.

21. In response to paragraph 21 of the Amended Complaint, Defendant denies the allegations.

/ / /

/ / /

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

22. In response to paragraph 22 of the Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 21, inclusive, as though fully set forth in this paragraph.

23. In response to paragraph 23 of the Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

24. In response to paragraph 24 of the Amended Complaint, Defendant admits Defendant issued the Policy to Plaintiff, and the Policy provides insurance coverage in relation to the Property. Except as expressly admitted, Defendant denies the remaining allegations of the paragraph.

25. In response to paragraph 25 of the Amended Complaint, Defendant denies the allegations.

26. In response to paragraph 26 of the Amended Complaint, Defendant admits the allegations.

27. In response to paragraph 27 of the Amended Complaint, Defendant admits the Policy provides insurance coverage in relation to the Property and the terms of the Policy speak for themselves. Except as expressly admitted, Defendant denies the allegations of the paragraph.

28. In response to paragraph 28 of the Amended Complaint, Defendant admits Defendant was notified of a fire at the Property within the last two years. Except as expressly admitted, Defendant denies the allegations of the paragraph.

29. In response to paragraph 29 of the Amended Complaint, Defendant admits Defendant was notified of a fire at the Property within the last two years. Except as expressly admitted, Defendant denies the allegations of the paragraph.

/ / /

30. In response to paragraph 30 of the Amended Complaint, Defendant denies the allegations.

31. In response to paragraph 31 of the Amended Complaint, Defendant denies the allegations.

32. In response to paragraph 32 of the Amended Complaint, Defendant denies the allegations.

33. In response to paragraph 33 of the Amended Complaint, Defendant admits the allegations.

34. In response to paragraph 34 of the Amended Complaint, Defendant denies the allegations.

35. In response to paragraph 35 of the Amended Complaint, Defendant denies the allegations.

36. In response to paragraph 36 of the Amended Complaint, Defendant denies the allegations.

37. In response to paragraph 37 of the Amended Complaint, Defendant denies the allegations.

38. In response to paragraph 38 of the Amended Complaint, Defendant denies the allegations.

39. In response to paragraph 39 of the Amended Complaint, Defendant denies the allegations.

40. In response to paragraph 40 of the Amended Complaint, Defendant denies the allegations.

41. The allegations set forth in paragraph 41 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the terms of California law speak for themselves.

42. The allegations set forth in paragraph 42 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the terms of California law speak for themselves.

43. In response to paragraph 43 of the Amended Complaint, Defendant denies the allegations.

44. In response to paragraph 44 of the Amended Complaint, Defendant denies the allegations.

45. In response to paragraph 45 of the Amended Complaint, Defendant denies the allegations.

46. In response to paragraph 46 of the Amended Complaint, Defendant denies the allegations.

47. In response to paragraph 47 of the Amended Complaint, Defendant admits Defendant was notified of a fire at the Property within the last two years. Except as expressly admitted, Defendant denies the allegations of the paragraph.

48. In response to paragraph 48 of the Amended Complaint, Defendant denies the allegations.

49. In response to paragraph 49 of the Amended Complaint, Defendant denies the allegations.

50. In response to paragraph 50 of the Amended Complaint, Defendant denies the allegations.

51. In response to paragraph 51 of the Amended Complaint, Defendant denies the allegations.

52. In response to paragraph 52 of the Amended Complaint, Defendant denies the allegations.

53. In response to paragraph 53 of the Amended Complaint, Defendant denies the allegations.

54. In response to paragraph 54 of the Amended Complaint, Defendant denies the allegations.

55. In response to paragraph 55 of the Amended Complaint, Defendant denies the allegations.

56. In response to paragraph 56 of the Amended Complaint, Defendant

denies the allegations.

57. In response to paragraph 57 of the Amended Complaint, Defendant denies the allegations.

58. In response to paragraph 58 of the Amended Complaint, Defendant denies the allegations.

### THIRD CAUSE OF ACTION
### (Declaratory Relief)

59. In response to paragraph 59 of the Amended Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 58, inclusive, as though fully set forth in this paragraph.

60. In response to paragraph 60 of the Amended Complaint, Defendant denies the allegations.

61. In response to paragraph 61 of the Amended Complaint, Defendant admits Defendant denied Plaintiff's claim for Policy coverage in relation to a fire at the Property within the last two years.  Except as expressly admitted, Defendant denies the remaining allegations of the paragraph.

62. In response to paragraph 62 of the Amended Complaint, Defendant denies the allegations.

63. In response to paragraph 63 of the Amended Complaint, Defendant denies the allegations.

### FOURTH CAUSE OF ACTION
### (Fraud)

64. In response to paragraph 64 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

65. In response to paragraph 65 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's

order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

66. In response to paragraph 66 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

67. In response to paragraph 67 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

68. In response to paragraph 68 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

69. In response to paragraph 69 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

70. In response to paragraph 70 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

71. In response to paragraph 71 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

72. In response to paragraph 72 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's

order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

73. In response to paragraph 73 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

74. In response to paragraph 74 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

75. In response to paragraph 75 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

76. In response to paragraph 76 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

77. In response to paragraph 77 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

78. In response to paragraph 78 of the Amended Complaint, Defendant states this cause of action for fraud has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

/ / /

/ / /

# FIFTH CAUSE OF ACTION
## (Violation of Business And Professions Code Section 17200)

79. In response to paragraph 79 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

80. In response to paragraph 80 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

81. In response to paragraph 81 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not respond otherwise to this paragraph.

82. In response to paragraph 82 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

83. In response to paragraph 83 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

/ / /

84. In response to paragraph 84 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

85. In response to paragraph 85 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

86. In response to paragraph 86 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

87. In response to paragraph 87 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

88. In response to paragraph 88 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

89. In response to paragraph 89 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022

granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

90. In response to paragraph 90 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

91. In response to paragraph 91 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

92. In response to paragraph 92 of the Amended Complaint, Defendant states this cause of action for violation of California Business and Professions Code section 17200 has been dismissed by virtue of this Court's order on April 20, 2022 granting Defendant's motion to dismiss, and as a result, Defendant will not otherwise respond to this paragraph.

## FIRST AFFIRMATIVE DEFENSE
### (Offset)

93. Without admitting that the subject matter of this paragraph must be pled as an affirmative defense, Defendant alleges Plaintiff may not recover any amounts from Defendant for which payment has been made to or is collected by Plaintiff from Defendant, any other parties to this litigation or other third parties, either directly or as a result of assignments. Plaintiff's recovery, if any, against Defendant must be reduced by any such payment(s).

/ / /

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

94. The Amended Complaint and each cause of action alleged therein against Defendant are barred to the extent Plaintiff failed to mitigate Plaintiff's damages, if any. Such conduct includes, but is not limited to, Plaintiff's failures to (a) equip the Property with an automatic sprinkler system in advance of the subject fire at the premises, (b) notify Defendant of the absence of such sprinkler system prior to said fire and/or (c) tender the subject fire loss to Plaintiff's insurance broker or said broker's errors and omissions insurer for payment due to failures by the broker in relation to Plaintiff's application for insurance with Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

95. The Amended Complaint, and each cause of action alleged therein against Defendant, are barred to the extent Plaintiff(s) have unclean hands related to the matters set forth in the Amended Complaint including, but not limited to, misrepresentation(s) by or on behalf of Plaintiff regarding the condition of the Property prior to inception of the Policy and Plaintiff's failure to equip the Property with an automatic sprinkler system in advance of the subject fire at the premises.

## FOURTH AFFIRMATIVE DEFENSE

### (Policy Terms—Protective Safeguards)

96. Without admitting that Defendant issued a policy of insurance that created any duty or obligation owed by Defendant to Plaintiff, or that the terms, conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses, Defendant alleges the terms, conditions, exclusions, restrictions and endorsements within the Policy sued upon may limit or preclude coverage for Plaintiff's claims, including without limitation the following provisions:

/ / /

/ / /

**PROTECTIVE SAFEGUARDS – FIRE**

\* \* \*

**SCHEDULE**

| Prem. No. | Bld. No. | Protective Safeguards Symbols Applicable |
|---|---|---|
| 001 | 001 | P-1 |

\* \* \*

A.  The following is added to the **Property General Conditions** in **SECTION I – PROPERTY:**

**Protective Safeguards**

As a condition of this insurance, you are required to:

**1.** Maintain the protective safeguards listed in the Schedule, and over which you have control, in complete working order;

**2.** Actively engage and maintain in the "on" position and for "P-2" Automatic Fire Alarms also maintain the connection to a central station or public or private fire alarm station at all times any automatic alarm or other automatic system listed in the Schedule…

\* \* \*

B.  The following is added to Paragraph **B. Exclusions** in **SECTION I – PROPERTY**:

We will not pay for loss or damage caused by or resulting from fire, if prior to the fire, you failed to comply with any condition

set forth in Paragraph **A.**

## FIFTH AFFIRMATIVE DEFENSE

### (Policy Terms—Concealment, Misrepresentation or Fraud)

97. Without admitting that Defendant issued a policy of insurance that created any duty or obligation owed by Defendant to Plaintiff, or that the terms, conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses, Defendant alleges the terms, conditions, exclusions, restrictions and endorsements within the Policy sued upon may limit or preclude coverage for Plaintiff's claims, including without limitation the following provisions:

**SECTION III – COMMON POLICY CONDITIONS**

**(APPLICABLE TO SECTION I – PROPERTY AND**

**SECTION II – LIABILITY)**

\* \* \*

**C. Concealment, Misrepresentation Or**

**Fraud**

We do not provide coverage to the insured who, whether before or after a loss, has committed fraud or intentionally concealed or misrepresented any material fact or circumstance concerning:

**a.** This Policy;

**b.** The Covered Property;

**c.** That insured's interest in the Covered Property; or

**d.** A claim under this Policy.

## SIXTH AFFIRMATIVE DEFENSE

### (Concealment, Misrepresentation Or Fraud in Procurement of Insurance)

98. Without admitting this answering Defendant issued any policy of insurance that created any duty or obligation owed by this answering Defendant to Plaintiff, Defendant is informed and believes and on that basis alleges Defendant

has no obligations under the Policy pursuant to California Insurance Code Sections 330 through 361 to the extent the Policy was procured through concealment or misrepresentation of material fact, including but not limited to facts concerning the condition of the Property prior to inception of the Policy.

## SEVENTH AFFIRMATIVE DEFENSE
### (Policy Terms)

99. Without admitting that Defendant issued a policy of insurance that created any duty or obligation owed by Defendant to Plaintiff, or that the terms, conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses, Defendant alleges the terms, conditions, exclusions, restrictions and endorsements within the Policy sued upon may limit or preclude coverage for Plaintiff's claims.

WHEREFORE, Defendant AmGUARD Insurance Company requests the following:

a. Plaintiff take nothing by way of the Amended Complaint;
b. Defendant be awarded its costs of suit herein; and
c. For such other and further relief as the Court deems just and proper.

Dated: May 11, 2022

Respectfully submitted,
WESTON & McELVAIN LLP

By: s/ Leo L. Ashley III
Richard C. Weston
Leo L. Ashley III
Attorneys for Defendant
AmGUARD INSURANCE COMPANY

# DEMAND FOR JURY TRIAL

Defendant AmGUARD Insurance Company hereby demands a jury trial in the above-entitled action.

Dated: May 11, 2022

Respectfully submitted,
WESTON & McELVAIN LLP

By: **s/ Leo L. Ashley III**
Richard C. Weston
Leo L. Ashley III
Attorneys for Defendant
AmGUARD INSURANCE COMPANY

*Salam Razuki v. AmGUARD Insurance Company, et al.*
USDC-CASD, Case No. 3:21-cv-01983-AJB-DEB

# PROOF OF SERVICE

I, Regina Macleod, declare:

I am employed in the County of Los Angeles, state of California. I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

On May 11, 2022, I served a copy of the following document:

**DEFENDANT AMGUARD INSURANCE COMPANY'S ANSWER TO PLAINTIFF SALAM RAZUKI'S AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

By electronically filing the foregoing document with the Clerk of the United States District Court, Southern District of California, using its ECF system, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 11, 2022 at Hawthorne, California.

*Regina Macleod*
Regina Macleod

# SERVICE LIST

| | |
|---|---|
| Douglas Jaffe | *Attorney for Plaintiff* |
| **LAW OFFICES OF DOUGLAS JAFFE** | Salam Razuki |
| 501 West Broadway, Suite 800 | |
| San Diego, California 92101 | |
| Telephone: (619) 400-4945 | |
| Facsimile: (619) 400-4810 | |
| E-mail: dougjaffelaw@gmail.com | |